## KATE L. BARNES *v.* HENRY K. DE FRIES AND EMMA A. DE FRIES.

## No. 1101.

### EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT. HON. S. B. KEMP, JUDGE.

SUBMITTED JULY 8, 1918.    DECIDED JULY 15, 1918.

COKE, C. J., QUARLES, J., AND CIRCUIT JUDGE HEEN *l* IN PLACE OF KEMP, J., DISQUALIFIED.

PRINCIPAL AND AGENT.

Where R, under authority of a general power of attorney, executed a lease of a lot of land owned by B, his principal, the lease being in the individual name of R and the lessee not having knowledge that R was not the owner of the property or that he was acting for a person other than himself: Held, that the lease was binding upon B, the principal.

SAME.

The contract of the agent is the contract of the principal and he may sue or be sued thereon though not named therein.

OPINION OF THE COURT BY COKE, C. J.

This is an action of ejectment instituted by the plaintiff Kate L. Barnes in the circuit court of the first circuit against the defendants Henry K. De Fries and Emma A. De Fries, who are husband and wife. The cause was tried in the court below, jury waived, the decision and judgment being in favor of the defendants. The facts are simple, and briefly stated are as follows: The plaintiff is the owner of certain premises situated on Nuuanu street in the city of Honolulu, containing an area of about 11,685 square feet; that on the first day of December, 1915, and for many years prior thereto this property was under the management and control of W. E. Rowell acting under a

written power of attorney executed by the plaintiff and dated August 5, 1903, which conferred authority upon Rowell to deal generally with all property owned by plaintiff within the Territory of Hawaii; that on September 1, 1915, the power of attorney still being in force and effect, Rowell, in his own name, executed a written lease to the defendant Emma A. De Fries for the term of five years at a specified rental; that all rents reserved were paid by the defendant Emma A. De Fries up to the time of the institution of the suit. There is nothing in the record to indicate that the defendant Emma A. De Fries had any knowledge at the time the lease was executed that Rowell was not the owner of the property or that he was acting for a person other than himself. Plaintiff was disclosed as Rowell's principal and the actual owner of the property when she instituted this action. The plaintiff contends that because the lease in question was not signed by the plaintiff either in her individual capacity, or by her through her attorney in fact, the same was therefore not binding upon her and that she is entitled to recover possession of the property involved.

After the trial of the cause the court below held that the authority conferred by the power of attorney was sufficiently broad to authorize the leasing of the land by the attorney in fact and that while the lease was executed in the name of Rowell it was in fact the act of the plaintiff through her duly authorized agent or attorney in fact and that she was bound thereby.

We concur in the decision of the court below holding that plaintiff is bound by the act of her agent although he may have acted in his own name when leasing the property belonging to his principal. "The contract of the agent is the contract of the principal and he may sue or be sued thereon though not named therein; and notwithstanding the rule of law that an agreement reduced to

writing may not be contradicted or varied by parol it is well settled that the principal may show that the agent who made the contract in his own name was acting for him.   This proof does not contradict the writing, it only explains the transaction." *Ford* v. *Williams,* 62 U. S. 287.   There can be no doubt that the plaintiff in this case might, after disclosing herself as the principal, have maintained an action against the defendant Mrs. De Fries for the payment of any rent in arrears or for the breach of any covenants contained in the lease. "We may assume it to be quite clear and well supported by authority that in the case of oral contracts the principal may sue in his own name upon a contract made with his agent.   It is equally well settled that the same rule applies to cases of sales by written bills or other memoranda made by the agent, using his own name and disclosing no principal." *Eastern R. R. Co.* v. *Benedict,* 66 Am. Dec. 384.   "It has been decided that a principal may be charged upon a written simple executory contract entered into by an agent in his own name within his authority, although the name of the principal does not appear in the instrument, and was not disclosed, and the person dealing with the agent supposed that he was acting for himself, and that this rule obtains as well in respect to contracts which are required to be in writing as to those where a writing is not essential to their validity." 31 Cyc. 1115, 1116.   See also *Edwards* v. *Golding & Peabody,* 20 Vt. 30.

The defendant Mrs. De Fries was rightfully in possession of the property in question under a valid lease binding upon plaintiff at the time the suit was instituted and plaintiff cannot maintain her action.

Finding no error in the record the exceptions are overruled.

*W. J. Robinson* for plaintiff.

*R. W. Breckons* and *H. L. Grace* for defendants.