## DR. C. L. CARTER *v.* J. K. NOTLEY, DEFENDANT; THOMAS H. TREADWAY, AUDITOR OF THE TERRITORY OF HAWAII, GARNISHEE.

### No. 2021.

Argued October 29, 1931.          Decided November 9, 1931.

### Perry, C. J., Banks and Parsons, JJ.

#### OPINION OF THE COURT BY PARSONS, J.

This is an action in assumpsit for $109.45, the declaration containing two counts upon the same cause of action, the first upon a special agreement and the second for services performed. The defendant's answer was a general denial. The case was tried by the court, jury waived, and the facts as found by the trial judge were as follows: "The evidence shows that the plaintiff is a duly licensed physician and surgeon practicing in the district of Hamakua, and that the defendant is the deputy tax collector for the district of Hamakua; that on or about the year 1922 the defendant was indebted to the plaintiff for professional services; that on said date the plaintiff and the defendant entered into an arrangement whereby the defendant orally agreed to pay the taxes due

from the plaintiff to the treasurer of the Territory of Hawaii through the Hamakua tax office, of which the defendant was in charge as collector, the amount of the taxes so paid annually by the defendant to be credited on plaintiff's bill against defendant for professional services. In carrying out this arrangement, the defendant would send the tax bill to the plaintiff; the plaintiff would then render the defendant his bill, showing the credit on same for the amount of the tax bill so agreed to be paid, and then the defendant would give the plaintiff a receipt for the amount of the taxes. This arrangement was actually carried out by the defendant up to the year 1925, and as the plaintiff believed up to the year 1928, when the plaintiff saw that he was posted as delinquent in the payment of his taxes. Whereupon the plaintiff saw the defendant and inquired why he was so posted and the defendant said there must be some mistake; that he would look into it and notify the plaintiff. No notice was received by the plaintiff from the defendant and the plaintiff assumed that the posting was a mistake. The plaintiff gave the defendant credit on his account for the tax bills for 1925, 1926 and 1927 in the amounts of $26.76, $23.97 and $17.18 respectively, amounting to the total sum of $67.91. For the year 1928 and subsequently the plaintiff personally paid his taxes. In July, 1930, the plaintiff filed an action in assumpsit against the defendant for medical services, which action, in the same month, was settled by the defendant paying the claim and costs. The above items totaling $67.91 were not included in the claim sued for. Under date of October 7, 1930 (plaintiff's exhibit 'A'), a bill was sent by the defendant to the plaintiff, setting out that the plaintiff was delinquent in payment of his taxes to the Territory for the years and in the amounts above stated, demanding payment of the same with interest and penalties. The

said delinquent taxes are still due and unpaid."

The trial judge's conclusions of law from his foregoing findings of fact are as follows: "So far as the special agreement between the parties is concerned it amounted only to an arrangement whereby the defendant promised to make payments on his account due the plaintiff in a particular manner, and for a time the defendant kept his promise, and thereafter failed to keep his promise. From the special arrangements between these parties there appears no basis in law whereby the defendant may be held liable for the taxes, interest and penalties, as is attempted in the first count. On the second count defendant is liable for medical services in the sum of $67.91, with 8% interest from October 7, 1930, and for costs of this action. Let judgment enter accordingly." Judgment was entered for the plaintiff in conformity with said findings of fact and conclusions of law.

There have been no appellate proceedings herein on behalf of the defendant. The case is before us upon plaintiff's exceptions thus set forth in his bill: (1) "To all of that portion of the conclusions of law which reads as follows: 'From the special arrangements between these parties there appears no basis in law whereby the defendant may be held liable for the taxes, interest and penalties, as is attempted in the first count;'" (2) "and plaintiff excepts to all of the portions of the said conclusions of law stated as follows: 'On the second count defendant is liable for medical services in the sum of $67.91, with 8% interest from October 7, 1930, and for costs of this action.'" The second exception above quoted refers only to the date from which interest is allowed, the court having allowed the same from October 7, 1930, as prayed in the declaration, and the plaintiff claiming that the evidence requires interest to be allowed from an earlier date. In his opening brief "the plaintiff contends

that he is entitled to recover on this second count only in case he fails to recover on the first count."

In addition to the facts found by the trial judge, the undisputed evidence shows that the bill for delinquent taxes received by plaintiff October 7, 1930, as set forth in the closing paragraph of the trial judge's above-quoted findings, contained the following items:

| "1925 | $ 26.76 |
| 1926 | 23.97 |
| 1927 | 17.18 |
| Interest and penalties to October 7, 1930, | 41.54 |
| | |
| Total— | $109.45" |

It is not disputed that the plaintiff was then liable to the Territory for said unpaid taxes, interest and penalties in the amount last above set forth.

The judge's above-quoted findings of fact, supported by the evidence and not excepted to by the defendant, required a conclusion that the parties entered into an oral agreement substantially as set forth in the first count of the declaration, that the plaintiff has rendered medical services to the defendant under said agreement and in part execution thereof to the value of $67.91, that there has been a breach of said agreement on the part of the defendant because of which breach and as a natural consequence whereof, which may be reasonably supposed to have been in the contemplation of both parties, the plaintiff has been required to pay in delinquent taxes the sum of $67.91, with interest and penalties as above set forth in the additional sum of $41.54, in all $109.45. This is the legal measure of damages as applied to the facts in the case at bar under the rule laid down in the leading case of *Hadley* v. *Baxendale,* 5 E. R. C. 502, 504, 9 Exch. 341, cited with approval by this court in *Haw'n Pine-*

*apple Co.* v. *Saito,* 24 Haw. 787, 793.

Counsel for the defendant urges that under the fifth section of our statute of frauds no action can be brought or maintained upon the agreement set forth in the first count of plaintiff's declaration, for the reason that the same was not in writing and was not to be performed within one year from the making thereof. The trial judge did not advance this as a reason for his conclusion of law upon the first count. So far as the transcript and record disclose, this question was not raised in the trial court upon demurrer, plea, objection, or exception to the evidence, or in any other way, and it is now submitted for the first time by the defendant as a ground for sustaining the judge's ruling. "The defense of the statute is a personal one which may undoubtedly be waived by the defendant, and unless he sets up the statute and relies on it by some proper pleading, he thereby impliedly waives the objection that the contract was not in writing." 25 R. C. L. 742. "Under the generally prevailing rule that an oral contract within the statute of frauds is not void or illegal, but merely voidable, and that the statute affords a defense personal to the party sought to be charged, which cannot be availed of by anyone else, the defense of the statute may be waived by the party entitled thereto, as by failure to raise the objection by proper pleading, objection to evidence, or otherwise in accordance with the prevailing local practice." 27 C. J. 337. It is not even open to the defendant to argue that by implication the conclusion of the trial court was based upon the theory of a bar of the statute of frauds. "The court is not authorized of its own motion merely to invoke the protection of the statute for a party who does not himself plead it or in some way rely upon it during the trial." 25 R. C. L. 744. The defense of the statute of frauds is therefore deemed to have been waived by the defendant

and to be not available to him now.

Plaintiff's exception number one is sustained. In the view hereinabove expressed it is not necessary to pass upon exception number two. Judgment reversed and a new trial granted.

*M. L. Carlsmith* (*C. S. Carlsmith* and *C. W. Carlsmith* with him on the briefs) for plaintiff.

*D. E. Metzger* (also on the brief) for defendant.