NOBU OKUHARA, ET AL. *v.* MAX M. BROIDA, TRUSTEE FOR BROIDA PROPERTIES, LTD., AND BANK OF HAWAII, ET AL.

No. 4725.

JUNE 16, 1969.

RICHARDSON, C.J., ABE, J., AND CIRCUIT JUDGE OKINO IN PLACE OF MARUMOTO, J., DISQUALIFIED, CIRCUIT JUDGE OGATA IN PLACE OF LEVINSON, J., DISQUALIFIED, AND CIRCUIT JUDGE M. DOI ASSIGNED BY REASON OF VACANCY.

Plaintiffs[1] sued Max M. Broida, trustee for Broida
Properties, Ltd., a dissolved corporation, to recover al-
leged overpayments of rent. Prior to dissolution, Broida
Properties, Ltd., hereinafter called Broida, was the lessee
by assignment from another Hawaii corporation of several
parcels of land, two of which were subject to pre-existing
subleases to the plaintiffs. On November 15, 1960, the fee
owner increased Broida's monthly rental from $2,500 to
$9,375, an increase of 375%. Broida increased the rent of
each of its subtenants by 375%, relying upon provisos con-
tained in the various subleases.

The proviso in the Bonded Construction Co., Ltd. lease
stated:

"* * * providing, however, that if the appraised value
of the premises by the appraisers appointed under the
terms of the Lease held by the Sub-lessor is more than
the minimum provided for therein then the rental pay-
able hereinunder shall be increased in the same pro-
portion as the increase of said principal Lease * * *."

The Okuhara lease was subject to the following proviso
contained in the lease agreement between Broida's as-
signor and Atlas Investment Company, Ltd.:

"* * * provided, however, if the value of the premises
as appraised by the appraisers appointed under the
terms of the principal lease is increased so that the
rental payable by the Sub-Lessor is more than the mini-
mum provided for therein, then the rental payable
hereunder shall be increased over the rentals set forth
herein in the same proportion that the rental payable
by the Sub-Lessor is increased over the minimum pro-
vided in the principal lease * * *."

Both plaintiffs paid the increased rents under protest.
At trial, plaintiffs contended they were to pay only a

[1] Atlas Investment Company, Ltd., assignor of the Okuharas, is no
longer a party because it filed a discontinuance in the trial court.

pro rata share of the total dollar amount increase in the rent Broida paid its lessor. Plaintiffs submitted all relevant leases and subleases into evidence as well as other extrinsic evidence without objection by defendant-appellant. The court found for plaintiffs and defendant appeals from the judgment granting repayment.

Appellant specifies as error that the court wrongly admitted extrinsic evidence to vary the clear and unambiguous terms of the contract provisions, and alternatively, that there is insufficient evidence to support the finding of the trial court.

With respect to the specification of error alleging wrongful admission of extrinsic evidence, we are restricted in granting relief because of the rule in this jurisdiction which prohibits an appellant from complaining for the first time on appeal of error to which he has acquiesced or to which he failed to object. *Estate of Ching,* 46 Haw. 127, 129, 376 P.2d 125 (1962); *Bank of Hawaii v. Char,* 40 Haw. 463, 467 (1954); *Saiki v. Lee Sing,* 27 Haw. 399, 402 (1923). As we stated in *Bank of Hawaii v. Char, supra,* this rule "rests upon considerations of practical necessity in the orderly administration of the law and upon considerations of fairness to the court and the opposite party as well as upon principles underlying the doctrine of waiver and estoppel, all of which by the way are comparable to the reasons for rule 3(c) [Rules of the Supreme Court], *supra. * * *"*

We are well aware of the principle enunciated in some jurisdictions that since the parol evidence rule is a substantive rule and not a rule of evidence, parol evidence is incompetent even when admitted without objection. *United States v. Croft-Mullins Elec. Co.,* 333 F.2d 772 (5th Cir. 1964); *cert. denied,* 379 U.S. 968; cases cited in Wigmore, *Evidence,* § 2400 (3d ed.) (1964 Supp.).

Even though this jurisdiction also considers the rule

a substantive one, *Akamine & Sons, Ltd.* v. *American Security Bank,* 50 Haw. 304, 440 P.2d 262 (1968), we believe that the basis of our rule restricting appellate review requires us to follow the view expressed in *Brady* v. *Nally,* 151 N.Y. 258, 264, 45 N.E. 547 (1896) wherein the court stated that:

"\* \* \* [T]he parties may, by agreement, express or implied, accept oral testimony instead of the presumption ordinarily arising from written evidence. They have the right to make a rule of evidence for their own case, and they are presumed to have done so when testimony, otherwise incompetent, is received without objection and without any effort to have it stricken from the minutes, or disregarded by the trial court. They may waive the rules established by the courts to govern the admission of evidence, the same as they may waive the rule established by the legislature, that certain contracts must be in writing, and a waiver may be inferred from the failure of the party, for whose benefit the rule was made, to object in due season, or in some way to insist upon compliance with the law. (*Sherman* v. *McKeon,* 38 N.Y. 266-274; *Vose* v. *Cockcroft,* 44 N.Y. 415; *Hilton* v. *Fonda,* 86 N.Y. 339.) The general rule upon the subject was so clearly and comprehensively stated by Judge Earl in a recent case that his remarks, although often quoted in our reports, may properly be repeated here: 'Parties by their stipulations may in many ways make the law for any legal proceeding to which they are parties, which not only binds them, but which the courts are bound to enforce. They may stipulate away statutory, and even constitutional rights. They may stipulate for shorter limitations of time for bringing actions for the breach of contracts than are prescribed by the statutes, such limitations being frequently found in insurance policies. They may stipu-

late that the decision of a court shall be final, and thus waive the right of appeal; and all such stipulations not unreasonable, not against good morals or sound public policy, have been and will be enforced; and generally, all stipulations made by parties for the government of their conduct, or the control of their rights, in the trial of a cause, or the conduct of a litigation, are enforced by the courts.' (*In the Matter of the New York, Lackawanna & Western R. R. Co.*, 98 N.Y. 447, 453.)"

The proposition that the protection of the parol evidence rule, like our constitutional protections, can be waived, is a reasonable one. It strengthens the judicial ideal of finding the true intent and meaning of the parties because it allows the finder of fact to examine all facts and circumstances the parties deem relevant to the determination of their rights. It is further consistent with the practical administration of the law because a contrary rule prohibiting waiver would always enable the party who should have objected and did not, a chance for retrial.

The record indicates that appellant failed to manifest any objection to the admission of the evidence complained of.

We hold that once admitted without objection, extrinsic evidence is entitled to full consideration in determining the true intent of the parties. We will not now decide whether such evidence is parol evidence which should have been excluded had there been adequate objection.

Since Hawaii Rules of Civil Procedure 52(a) requires a trial judge, in the absence of a jury to pass upon the weight and credibility of all the evidence submitted to him for determination of the rights of the parties, our only function is to set aside his findings when we are "driven irrefragably to the conclusion that all objective appraisals of the evidence would result in a different finding." *Low*

v. *Honolulu Rapid Transit*, 50 Haw. 582, 445 P.2d 372 (1968).

The trial court had before it for consideration plaintiffs' Exhibits 15 and 16, identical letters to the plaintiffs dated August 25, 1960, from Broida by its vice-president. The letters asserted Broida's right "to readjust your present rental to the extent of increasing it so as to have you absorb your pro-rata share of the proposed increase." The treasurer and manager of Bonded Construction Co. additionally testified that at the time of negotiation of the lease from Broida's assignor, it was his understanding he would only bear a pro rata increase. Nobu Okuhara, the other plaintiff, testified similarly. To contradict this evidence, defendant offered Exhibit A, a letter dated November 11, 1960, notifying each of the tenants that their rent was to be increased by the fee owners, in accord with the provisos in the leases.

We believe there was ample evidence to support a judgment for the plaintiffs.

Affirmed.

*Hiram Fong, Jr.* (*Barry Chung* with him on the briefs, *Fong, Miho, Choy & Robinson* of counsel) for appellant.

*Leland H. Spencer* (*Chuck & Fujiyama* of counsel) for appellees.