WARREN MORIO FUKUNAGA, Plaintiff–Appellee, v. GAIL YOOKO FUKUNAGA, Defendant–Appellant, and GENEVA CHIYONO FUKUNAGA, DALWIN HIROSHI FUKUNAGA, THE HEIRS, DEVISEES AND ASSIGNS OF LAWRENCE MASAKAZU FUKUNAGA, HONFED BANK, a Federal Savings Bank, FIRST HAWAIIAN BANK, FIRST INTERSTATE BANK, STATE OF HAWAII, and CITY AND COUNTY OF HONOLULU, Defendants–Appellees, and JOHN DOES 1–50, JANE DOES 1–50, JOHN DOE CORPORATIONS 4–10, JOHN DOE PARTNERSHIPS 1–10, DOE GOVERNMENTAL ENTITIES, and ALL WHOM IT MAY CONCERN, Defendants

NO. 14066

(CIV. NO. 89–1045)

OCTOBER 26, 1990

BURNS, C.J., HEEN, AND TANAKA, JJ.

## OPINION OF THE COURT BY TANAKA, J.

In a partition action, the circuit court entered a partial summary judgment in favor of plaintiff Warren Morio Fukunaga (Plaintiff or Warren), ordering the sale of a 5,311 square foot residential property (Property), and appointing a commissioner to conduct the sale.[1] Defendant Gail Yooko Fukunaga (Gail) appeals, contending that a genuine issue of material fact exists as to whether Plaintiff has a joint tenancy fee interest or a security interest in the Property, thus rendering the circuit court's grant of the summary judgment improper. We agree. Accordingly, we vacate the partial summary judgment and remand the case for further proceedings.

### I.

By deed dated January 18, 1974, Lewers & Cooke, Inc. and International Management Corporation conveyed the Property to Lawrence Masakazu Fukunaga (Lawrence) and Geneva Chiyono Fukunaga (Geneva), husband and wife, Dalwin Hiroshi Fukunaga (Dalwin) and Gail, husband and wife, and Warren, unmarried (collectively Grantees), as joint tenants with full right of survivorship. Transfer Certificate of Title (TCT) No. 166,521 was issued to the Grantees, as "Joint Tenants with full right of survivorship[.]" Record, Vol. 1 at 219. In conjunction with the purchase of the Property, the Grantees executed a $60,000 promissory note and a first mortgage in favor of Honolulu Federal Savings and Loan Association (now known as Honfed Bank). The first mortgage was filed as Land Court Document No. 669887 and noted on TCT No. 166,521.

---

[1] The circuit court certified the partial summary judgment as a final judgment pursuant to Hawaii Rules of Civil Procedure (HRCP) Rule 54(b).

On May 30, 1980, Dalwin and Gail borrowed $20,000 from First Hawaiian Bank as evidenced by a promissory note. A second mortgage on the Property executed by all Grantees secured this note. The second mortgage was filed as Land Court Document No. 1015860 and noted on TCT No. 166,521.

Lawrence and Geneva are the parents of Dalwin and Warren. Lawrence died on July 23, 1984.

On September 16, 1986, Gail filed a complaint for divorce against Dalwin.

On April 11, 1989, while the divorce proceeding was pending, Warren filed a verified complaint for partition against Geneva, Dalwin, Gail, the heirs of Lawrence, and unknown defendants.[2] Warren alleged joint ownership and sought the sale of the Property in lieu of its physical division.

Gail filed her answer, disputing Warren's claim of title to the Property and interposing affirmative defenses of, *inter alia*, "lack of requisite intent" and "accommodation parties." Record, Vol. 1 at 17. Geneva's answer sought sale of the Property and distribution of net proceeds to the parties "according to their proportionate interests." *Id.* at 103. Dalwin neither appeared nor filed an answer.[3]

On June 16, 1989, Warren filed a motion for partial summary judgment asserting his status as a joint tenant of the Property and entitlement to its partition or sale.

Gail filed a memorandum in opposition to the motion. She contended that a genuine issue of material fact existed as to

---

[2] The unknown defendants were later identified as Honfed Bank, the first mortgagee; First Hawaiian Bank, the second mortgagee; City and County of Honolulu, claimant of current real property taxes; State of Hawaii, claimant of a reservation of all mineral and metallic mines; and First Interstate Bank of Hawaii, judgment lienor against Dalwin H. Fukunaga's (Dalwin) interest.

[3] The record contains no entry of default against Dalwin.

whether Warren and Geneva had title to the Property or were "merely sureties who were listed on title as 'accommodation parties' to help [Gail and Dalwin] secure a mortgage." *Id.* at 158. Gail appended to the memorandum a copy of Gail's sworn answers to Plaintiff's interrogatories. The answers to the interrogatories may be summarized as follows: (1) Dalwin's parents gave Dalwin and Gail money to be applied to the down payment for the Property and were accommodation parties in the transaction; (2) on May 6, 1989, Warren informed Gail that he loaned money to Dalwin, but Warren was an accommodation party; (3) when the Property was purchased, the Grantees understood that Dalwin and Gail were to have "total use, control and possession of this property . . . [and that] this was [Dalwin's and Gail's] home[,]" *id.* at 174; (4) Dalwin and Gail were the only Grantees who made mortgage payments, paid the taxes, and paid for repairs to the Property; (5) only Dalwin and Gail executed the promissory note and made payments on the second mortgage; and (6) Warren informed Gail that he had not intended to seek repayment of money loaned to Dalwin, but the pending divorce changed his mind.

On July 11, 1989, at the hearing on the motion for partial summary judgment, Gail's counsel informed the court that he inadvertently failed to submit Warren's deposition. The deposition contained Warren's admission that he loaned money to Dalwin so that Dalwin could qualify to purchase the Property and that he "had no involvement really with the property at all." 7/11/89 Transcript at 5–6. At the close of the hearing, the court granted the motion for partial summary judgment.

On July 18, 1989, Gail filed a "Motion for Rehearing,"[4] to which she attached portions of Warren's deposition. Warren

---

[4] The "Motion for Rehearing" is treated as a motion for reconsideration under Hawaii Rules of Civil Procedure Rule 59(e). *K.M. Young & Assocs., Inc. v. Cieslik,* 4 Haw. App. 657, 666, 675 P.2d 793, 800 (1983).

testified that (1) Dalwin borrowed $7,000 from him for a down payment on the purchase of the Property; (2) Dalwin borrowed money from him for mortgage payments; (3) if not for the divorce between Dalwin and Gail, he would not have sought reimbursement; and (4) Gail did not know that he had contributed $7,000 to the down payment. At the hearing held on August 16, 1989, the court orally denied Gail's motion.

On August 30, 1989, the court filed its order entering a partial summary judgment in Warren's favor and appointing a commissioner to sell the Property. On September 6, 1989, the court filed its order denying Gail's "Motion for Rehearing."

## II.

Under Hawaii Rules of Civil Procedure (HRCP) Rule 56(c), "summary judgment is proper only when there is no genuine issue as to any material fact and the moving party clearly demonstrates that he should prevail as a matter of law." *Crawford v. Crawford*, 69 Haw. 410, 412, 745 P.2d 285, 287 (1987); *United Indep. Ins. Agencies, Inc. v. Bank of Honolulu*, 6 Haw. App. 222, 233, 718 P.2d 1097, 1104 (1986). In an appellate review of a summary judgment, the evidence in the record and the inferences to be drawn therefrom must be viewed in the light most favorable to the non–moving party. *Bidar v. Amfac, Inc.*, 66 Haw. 547, 553, 669 P.2d 154, 159 (1983); *Soukop v. Snyder*, 6 Haw. App. 59, 62, 709 P.2d 109, 112 (1985).

Viewing the totality of the evidence and the inferences drawn therefrom in the light most favorable to Gail, it could be found that: (1) in 1974, Dalwin and Gail were interested in purchasing the Property despite their lack of finances; (2) Dalwin borrowed $7,000 from Warren for the down payment and later borrowed other sums from him for mortgage payments; (3) to qualify for the first mortgage loan, Lawrence, Geneva, and Warren were induced

to sign the first mortgage note; (4) to secure Lawrence, Geneva, and Warren for accommodating Dalwin and Gail, the latter had Lawrence, Geneva, and Warren named as joint tenants on the deed; (5) since Lawrence, Geneva, and Warren were joint tenants on the deed, they had to sign the first mortgage; (6) when Dalwin and Gail made a second mortgage loan in 1980 for extension of the house, only Dalwin and Gail signed the note; (7) Dalwin and Gail lived on the Property, paid the taxes and mortgage loans; (8) other than being named a joint tenant in the deed, Warren never asserted any title interest in the Property until Gail commenced a divorce proceeding against Dalwin; and (9) in fact, Warren admitted that if not for the divorce proceeding, he would not be making any claim against the Property for "reimbursement." Consequently, the record supports Gail's assertions in her opening brief, that Warren "did not intend to acquire title to the property as a joint tenant" and that he "acquired his title to the property only to secure debts owed him by . . . Dalwin."

Accordingly, we hold that a genuine issue of material fact exists as to whether Warren is, in fact, a joint tenant and entitled to seek partition of the Property. The lower court, therefore, erred in granting Warren a partial summary judgment.

### III.

Warren argues, however, that (A) under Hawaii Revised Statutes (HRS) § 501–88 (Supp. 1989), TCT No. 166,521 is conclusive as to all matters contained therein; (B) the parol evidence rule precludes consideration of the extrinsic evidence provided by Gail; and (C) Gail's "Motion for Rehearing" improperly presented evidence which should have been submitted prior to the lower court's determination of his motion for partial summary judgment. We disagree.

## A.

Warren asserts that, based on TCT No. 166,521 and HRS § 501–88, [5] his status as a joint tenant of the Property is "conclusive." However, Warren's sole reliance on HRS § 501–88 is misplaced.

Under HRS § 501–88, all matters contained in a TCT are conclusive, "except as otherwise provided in this chapter." HRS § 501–81 (1985), [6] in turn, provides that "[n]othing in this chapter shall in any way be construed ... to change or affect in any way any other rights or liabilities created by law and applicable to unregistered land[.]" Thus, "in cases of fraud to which [the owner of registered land] is a party," the integrity of the certificate of title is not "scrupulously observed" and the matters contained therein will not

---

[5] Hawaii Revised Statutes (HRS) § 501–88 (Supp. 1989) provides as follows:

**Certificate as evidence.** The original certificate in the registration book, and any copy thereof duly certified under the signature of the registrar or assistant registrar, and the seal of the court, shall be received as evidence in all the courts of the State and shall be conclusive as to all matters contained therein, except as otherwise provided in this chapter.

[6] HRS § 501–81 (1985) provides as follows:

**Legal incidents of registered land.** Registered land, and ownership therein, shall in all respects be subject to the same burdens and incidents which attach by law to unregistered land. Nothing in this chapter shall in any way be construed to relieve registered land or the owners thereof from any rights incident to the relation of husband and wife; or from liability to attachment or mesne process or levy on execution; or from liability to any lien of any description established by law on land and the buildings thereon, or in the interest of the owner in land or buildings; or to change the laws of descent except as provided in section 501–71; or the rights of partition between coparceners and other cotenants; or the right to take the same by eminent domain; or to relieve such land from liability to be recovered by a trustee in bankruptcy under the provisions of law relating to preferences; or to change or affect in any way any other rights or liabilities created by law and applicable to unregistered land; except as otherwise expressly provided in this chapter.

be deemed conclusive. *In re Application of Bishop Trust Co.*, 35 Haw. 816, 825 (1941).

Under Hawaii law, the grantors of real property have the right to prove in court that the transaction involved was a loan, and that the deed, in effect, was a mortgage to secure the loan. *Kawauchi v. Tabata*, 49 Haw. 160, 413 P.2d 221 (1966). Also, two of the lessees named in a lease document have the right to prove in court that the third named lessee was, in effect, a guarantor of the lease. *Lee v. Kimura*, 2 Haw. App. 538, 634 P.2d 1043 (1981). HRS § 501–81 assures the grantors and lessees of registered land the same rights the grantors and lessees exercised in the *Kawauchi* and *Lee* cases, despite the language in HRS § 501–88.

Likewise, HRS § 501–88 notwithstanding, Gail has the right to prove in court that, at the time of the purchase of the Property in 1974, there was an agreement that (1) Dalwin and Gail were purchasing the Property; (2) Warren loaned Dalwin money for the down payment and signed the first mortgage note as an accommodation party; (3) Warren's name was inserted in the deed to secure his loan to Dalwin; and (4) consequently, Warren has a security interest in the Property, rather than a joint fee interest.

## B.

Citing *Midkiff v. Castle & Cooke, Inc.*, 45 Haw. 409, 368 P.2d 887 (1962), Warren contends that, in the absence of ambiguity in the 1974 deed conveying the Property to the Grantees, the parol evidence rule precludes the consideration of extrinsic evidence. We disagree.

*Midkiff* is clearly distinguishable on its facts. In *Midkiff*, a dispute arose between the grantor and the successor in interest of the grantee regarding the terms of the deed. The supreme court

held that the parol evidence rule applies where there is no ambiguity in the deed. 45 Haw. at 422, 368 P.2d at 894. In the case at bar, there is no dispute between the grantors and the Grantees concerning the January 18, 1974 deed. The dispute is between two of the Grantees, Gail and Warren.

We stated in *Lee v. Kimura, supra*, that the parol evidence rule "does not operate to exclude evidence as to the true relationship between the parties on one side of a written agreement [because] that relationship is collateral to the written instrument." 2 Haw. App. at 542, 634 P.2d at 1046. That is the situation in this case.

The alleged agreement among the Grantees as to who are the true owners of the Property and who has a security interest, despite being named a joint tenant in the deed, does not affect the deed at all. Such alleged agreement is collateral to the deed and the extrinsic evidence proffered by Gail may be considered by the court.

## C.

Finally, Warren argues that the submission of his deposition with Gail's "Motion for Rehearing" was improper because it should have been presented at the hearing on the motion for partial summary judgment. The same argument was made to the circuit court. However, the transcript of the hearing on the "Motion for Rehearing" indicates that the circuit court did not decline to consider the deposition evidence on the ground urged by Warren. Rather, the court considered all of the evidence submitted with the "Motion for Rehearing" and rendered its ruling denying Gail's motion on the merits.

Under such circumstances, we may consider Warren's deposition in our review of partial summary judgment in Warren's favor.

## IV.

As our analysis indicates, the record discloses a genuine issue of material fact. Accordingly, the circuit court erred in granting Plaintiff a partial summary judgment.

Judgment vacated and case remanded for further proceedings.

*Robert M. Ehrhorn, Jr. (Craig G.H. Yim* with him on the opening brief; Okumura Takushi Funaki & Wee, Attorneys at Law, A Law Corporation, of counsel) for defendant–appellant.

*Susan Y.M. Chock (Leroy T. Kuwasaki, Jr.* with her on the brief; Leroy T. Kuwasaki, Jr., A Law Corporation, of counsel) for plaintiff–appellee.

*Philip S. Uesato* for defendant–appellee Geneva Chiyono Fukunaga.