**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 07 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| In re: MICHAEL DYLAN HENSHAW; KIMBERLY HENSHAW, <br><br> Debtors, <br><br> ---------------------------- <br><br> PHILIP DANIEL HENSHAW; BARBARA WRESSEL HENSHAW, <br><br> Debtors-Appellants, <br><br> v. <br><br> DANE S. FIELD, Trustee of the Bankruptcy Estate of Michael Dylan Henshaw and Kimberly Henshaw, <br><br> Trustee-Appellee. | No. 13-15331 <br><br> D.C. No. 1:12-cv-00513-JMS-BMK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, Chief District Judge, Presiding

Argued and Submitted October 19, 2016
Honolulu, Hawaii

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: WALLACE, FARRIS, and WATFORD, Circuit Judges.

Philip and Barbara Henshaw (Henshaw Parents) appeal from the district court's summary judgment in favor of Dane Field, trustee of the bankruptcy estate of Michael and Kimberly Henshaw. We have jurisdiction under 28 U.S.C. § 158(d)(1), and we affirm.

Under 11 U.S.C. § 548(a)(1), as is relevant here, a transfer is constructively fraudulent, and can thus be voided by a bankruptcy trustee, if: (1) the transfer was made within two years of the debtor's bankruptcy filing; (2) the debtor received less than a reasonably equivalent value in exchange for such transfer; and (3) the debtor was insolvent on the date that such transfer was made. At issue in our case is the December 2009 transfer of Michael and Kimberly Henshaw's interest in the subject property to the Henshaw Parents. The Henshaw Parents do not dispute that elements (1) and (3) of 11 U.S.C. § 548(a)(1) have been satisfied—the transfer was made within two years of Michael and Kimberly's bankruptcy filing and they were insolvent at the time of the transfer. The Henshaw Parents, however, assert that there is a triable issue as to whether Michael and Kimberly received reasonably equivalent value in exchange for the transfer.

The 2007 deed granted title to Michael Henshaw, Kimberly Henshaw, Philip Henshaw, and Barbara Henshaw "as joint tenants, their assigns and the survivor of

2

them, and the heirs, personal representatives and assigns of the survivor of them, in fee simple, forever." Under Hawaii law, "a joint tenant has a specific, albeit undivided, interest in the property, and if he survives his cotenant he becomes the owner of a larger interest than he had prior to the death of the other joint tenant." *Sawada v. Endo*, 57 Haw. 608, 613, 561 P.2d 1291, 1295 (1977). The bankruptcy court determined that the meaning of "joint tenants" was unambiguous, and applied the parol evidence rule to determine that Michael and Kimberly had a 50% interest in the property. As a result, there was no issue of material fact as to whether Michael and Kimberly received reasonably equivalent value for their interest (they did not) and the bankruptcy court granted summary judgment on this basis. The district court agreed.

The precise issue before us is whether the district court erred by refusing to consider extrinsic evidence that would modify the plain terms of the 2007 deed. We conclude that the district court properly applied the Hawaii parol evidence rule to exclude such evidence. In *Midkiff v. Castle & Cooke, Inc.*, the Hawaii Supreme Court held:

> Since there is no ambiguity in the deed as construed, the parol evidence rule applies. The extrinsic evidence of the surrounding facts and circumstances existing prior to, contemporaneously with and subsequent to the execution of the deed, as alleged in the amended complaint, is not

> competent to contradict, defeat, modify or otherwise vary the meaning or legal effect of the deed.

45 Haw. 409, 421, 368 P.2d 887, 894 (1962). So too here. There is no ambiguity in the 2007 deed and thus the parol evidence rule bars the introduction of extrinsic evidence.

The Henshaw Parents largely rely on the Hawaii intermediate appellate court's decision in *Fukunaga v. Fukunaga*, 8 Haw. App. 273, 800 P.2d 618 (1990), to support their argument that extrinsic evidence should be considered to determine the joint tenants' true relationship. *Fukunaga* involved a partition action between feuding family members who were joint tenants. Despite being named as joint tenants, one family member argued that the other had merely been added as a joint tenant to help secure a mortgage, and thus did not enjoy the full ownership rights of a joint tenant. The Hawaii appellate court concluded that the parol evidence rule was inapplicable to this evidence.

*Fukunaga*, however, is distinguishable from our case, in that it did not arise in the bankruptcy context. While it is a maxim of bankruptcy law that the trustee stands in the shoes of the debtor, the trustee has a fiduciary duty not only to the debtor, but also to the creditors and to the estate. Thus, third parties such as bankruptcy trustees must be able to rely on the face of an unambiguous deed,

without the need to consult parol evidence. *See In re Teranis*, 128 F.3d 469, 471–72 (7th Cir. 1997). Accordingly, the district court did not err in ruling on the parol evidence question.

**AFFIRMED.**