REED & MARTIN, INC., AN ALASKA CORPORATION
*v.* THE CITY AND COUNTY OF HONOLULU,
A HAWAII CORPORATION.

No. 4611.

MAY 1, 1968.

RICHARDSON, C.J., MIZUHA, ABE,
LEVINSON, JJ., AND CIRCUIT JUDGE KING
IN PLACE OF MARUMOTO, J., DISQUALIFIED.

OPINION OF THE COURT BY ABE, J.

This suit was filed by Reed & Martin, Inc., (hereinafter called "Contractor") against the City and County of Honolulu (hereinafter called "City") for additional payment of $29,570.24 for 3,495.3 cubic yards of unclassified excavation under a public construction contract.

The sole issue is whether the excavation in question should be paid under item No. 3 or item No. B-1 of the bid schedule, to wit:

| Item No. | Work or Material | Estimated Quantity | Unit | Unit Price | Amount |
|---|---|---|---|---|---|
| | * * * | | | | |
| 3. | Excavation Unclassified | 33,367 | Cu. Yd. | $ 2.44 | $81,415.48 |
| | * * * | | | | |
| B-1 | Unclassified structural excavation for bridge work and channel (within limits designated on the plans for the respective bridges) | 5,600 | Cu. Yd. | $10.90 | $61,040.00 |

The Contractor contended in the trial court that under the contract, the City agreed to pay for the excavation at the rate of $10.90 per cubic yard.

Also, at the trial it was stipulated by the parties that:

"1. (a) Within the limits designated on the plans for the eleven bridges in Ulehawa 2 and Ulehawa 3, 1,989.0 cubic yards of unclassified structural excavation for bridge work was done by Plaintiff for which Plaintiff has been paid at the rate of $10.90 per cubic yard.

(b) Within the limits designated on the plans for the same eleven bridges, 3,495.3 cubic yards of unclassified excavation for channel was done by Plaintiff for which Plaintiff has been paid at the rate of $2.44 per cubic yard."

The jury returned a verdict of 11 to 1 in favor of the Contractor and against the City in the amount of $29,570.24. Judgment was entered accordingly and the City appealed from said judgment.

The record shows that there was no controversy as to the facts of the case. The only issue before the trial court was the construction of and the legal effect to be given the contract, particularly as to the rate of payment for 3,495.3 cubic yards of unclassified excavation for channel within the limits designated on the plans for 11 bridges. The general law is that the construction

and the legal effect to be given a contract is a question of law to be decided by the court. *Cordes* v. *Prudential Insurance Co. of America*, 181 Neb. 794, 150 N.W. 2d 905 (1967); *Blount Bros. Construction Co.* v. *U.S.*, 346 F.2d 962 (Ct. Cl., 1965); *Quillin* v. *Peloquin*, 237 Or. 343, 391 P.2d 603 (1964); *Citizens Utility Co.* v. *Wheeler*, 156 C.A.2d 423, 319 P.2d 763 (1957); *Mackenzie* v. *King*, 30 Haw. 230 (1927). Thus, the trial judge committed an error when he referred the issue to the jury; and we must first decide whether it was a prejudicial error to require a reversal of the judgment.

Under the bid schedule, which is part of the contract, item No. B-1, the Contractor is to be paid $10.90 per cubic yard for "unclassified structural excavation for bridge work and channel (within limits designated on the plans for the respective bridges)."

We do not agree with the City's contention that under the provision the Contractor is only to be paid at the rate of $10.90 for "unclassified structural excavation" for channel within limits designated on the plans for bridges.

The special specification, also a part of the contract, contains a provision reading:

> "1.3.3 *General.* Unclassified excavation includes *the removal of all materials encountered within the excavation pay limits* for lined and partially lined channels and the shaping of the rectangular channel subgrade as shown on the drawings and as staked in the field. Excavation shall be continuous through all bridge sections. *Excavation required at the bridges* will be paid for under item B-1. At the completion of the required excavation sidewall drains shall be installed in accordance with Special Specification 1.8." (Emphasis added.)

This provision defines unclassified excavation and we hold that it clearly states that unclassified excavation for channel within the limits of the bridges as designated on the plans[1] is to be paid at the rate specified under item No. B-1; otherwise the clauses emphasized are made meaningless.

---

[1] Each of the plans for the 11 bridges distinctly designates an area as "Limits of Bridge Work, incl. excavation."

350

The jury in returning the verdict of 11 to 1 in favor of the Contractor for the sum of $29,570.24 correctly construed the contract. The judgment entered on the verdict is affirmed and we hold that the error of the trial judge in referring the issue of the construction of the contract to the jury was non-prejudicial.

If errors were committed by the trial judge in his refusal to admit and in admitting evidence, and his refusal to give and in giving instructions over the objection of the City, they were not prejudicial because of the conclusion we have reached. Also, for the same reason, we find it unnecessary to consider the specifications of error.

Judgment affirmed.

*Henry N. Kitamura,* Deputy Corporation Counsel, (*Stanley Ling,* Corporation Counsel, and *William H. Yim,* Deputy Corporation Counsel, on the briefs) for defendant-appellant.

*Asa M. Akinaka (Padgett, Greeley, Marumoto and Akinaka* of counsel) for plaintiff-appellee.