AMERICAN SECURITY BANK, Plaintiff-Appellant, *v.* READ REALTY, INC.; CARLOS R. READ, Defendants, and HAWAII ESCROW & TITLE, INC., Defendant-Appellee

NO. 6661

SEPTEMBER 5, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY BURNS, J.

This case involves an escrow company's obligations under an assignment of sales commission agreement. Plaintiff American Security Bank (ASB) contends that the jury waived

trial court erred in arriving at its findings of fact and conclusions of law. We reverse one of the conclusions of law and affirm in all other respects.

Prior to November 1973, Read Realty, Inc. (Read Realty) through Carlos R. Read (Carlos), its president, was negotiating with ASB through Gary Taki (Taki), its downtown branch manager and assistant vice president, for a revolving line credit account.

A one page document entitled Assignment of Sales Commissions was signed by Carlos for Read Realty and by Hawaii Escrow and Title, Inc. (Hawaii Escrow) by Jack Critcher (Critcher), its president. However, Taki refused to sign for ASB because he wanted some changes in the wording.

Thereafter, the document was amended and it provided as follows:

### ASSIGNMENT OF SALES COMMISSIONS AGREEMENT

The following shall be an agreement by and between READ REALTY, INC. and HAWAII ESCROW & TITLE, INC. for pledging of sales commissions due READ REALTY, INC. for the sales of the Regency Tower Condominium Project.

READ REALTY, INC. hereby authorizes and instructs HAWAII ESCROW & TITLE, INC. to assign the sum of FIFTY THOUSAND DOLLARS ($50,000.00) as collateral for repayment of a loan from AMERICAN SECURITY BANK and further authorizes and instructs HAWAII ESCROW & TITLE, INC. to disburse, upon request from AMERICAN SECURITY BANK, from the FIFTY THOUSAND DOLLARS ($50,000.00), which represents 40% of all monies due to READ REALTY, INC. The balance of the monies representing 60% due READ REALTY, INC. is assigned to commissions due to salesmen for Regency Tower and are not the property of READ REALTY, INC.

HAWAII ESCROW & TITLE, INC. confirms that out of the total of 236 units sold, 126 have qualified for loans

as of 10/29/73, and the balance in escrow as of 10/20/73 amounts to $247,590.63.

Agreed, accepted and acknowledged by all parties listed below:

\* \* \* \* \*

The amended document was signed by Critcher for Hawaii Escrow on November 1, 1973. Critcher then turned the document over to Carlos who signed it for Read Realty. Carlos then took the document to Taki who signed it for ASB on November 2, 1973.

Contrary to ASB's usual practice in such cases, pursuant to which ASB would have mailed a copy to Hawaii Escrow, Taki released the completed document to Carlos for delivery to Hawaii Escrow. Hawaii Escrow was not notified that ASB had signed the document. From November 11, 1973 through January 24, 1975 neither ASB nor Hawaii Escrow initiated any contract with the other concerning Read Realty.

On November 9, 1973 ASB loaned Read Realty $15,150.00 due in 30 days. On December 14, 1973 ASB and Read Realty entered into a revolving line credit agreement for a sum not to exceed $30,000.00 in the aggregate. On December 17, 1973 Read Realty paid off the November 9, 1973 note with a $20,000.00 note due January 17, 1975. ASB stamped the November 9, 1973 note "PAID IN FULL".

Thereafter, but prior to January 12, 1975, Critcher asked Carlos about the status of the Assignment of Sales Commissions Agreement and was advised that a loan had been made and paid and Carlos showed him the November 9, 1973 note stamped "PAID IN FULL".

On January 16, 1974 ASB loaned Read Realty $10,000.00 due June 14, 1974. On June 17, 1974 Read Realty paid off the December 27, 1973 note with a new $20,000.00 note due December 18, 1974. On July 24, 1974 Read Realty paid off the January 16, 1974 note with a new $10,000.00 note due January 24, 1975. Carlos personally guaranteed all of Read Realty's obligations to ASB.

By letter dated January 21, 1975, ASB asked Hawaii Escrow to turn over to ASB $32,141.67 of the sales commissions

withheld pursuant to the Assignment of Sales Commissions Agreement. On January 30, 1975 or January 31, 1975 ASB mailed a copy of the fully executed Assignment of Sales Commissions Agreement to Hawaii Escrow.

Prior to the time ASB notified Hawaii Escrow of ASB's execution of the assignment, Hawaii Escrow had paid $137,900.00 to Read Realty. After Hawaii Escrow received notice, it paid $11,900.00 to Read Realty between February 16, 1975 and May 22, 1975.

The trial court entered judgment in favor of ASB against Hawaii Escrow in the amount of $4,760.00 (40% of $11,900.00). The court also gave judgment in favor of ASB against Read Realty and Carlos Read on the June 17, 1974 $20,000.00 note and the July 24, 1974 $10,000.00 note.

ASB raises two issues on appeal:

1. The trial court erred in its finding that Hawaii Escrow had no notice, actual or constructive, prior to January 31, 1975, of the assignment of $50,000.00 of the sales commissions due Read Realty.

2. The trial court erred in interpreting the assignment agreement to mean that ASB was entitled to only 40% of the $11,900.00 Hawaii Escrow paid Read Realty after Hawaii Escrow received notice of ASB's execution of the assignment.

### ACTUAL NOTICE

In our view, the record provides a sufficient basis for the trial court's finding that Hawaii Escrow had no actual notice of the assignment. We are not driven irrefragably to the conclusion that all objective appraisals of the evidence would result in a different finding. *See Low v. Honolulu Rapid Transit*, 50 Haw. 582 (1968). The court's finding not being clearly erroneous, it shall not be set aside. *See* Rule 52(a), Hawaii Rules of Civil Procedure.

### CONSTRUCTIVE NOTICE

Constructive notice is a legal inference or presumption by which, for promotion of sound policy or purpose, the legal

rights and interests of parties are treated as though they had actual notice or knowledge. *Black v. Public Service Elec. & Gas Co.*, 98 N.J. Super. 366, 237 A.2d 495 (1968), *Merriman v. Cashway Inc.*, 35 Wis.2d 112, 150 N.W.2d 472 (1967).

In this case, ASB was at least as careless as Hawaii Escrow in protecting itself and in relying on Carlos as an intermediary rather than communicating directly. In this context, neither sound policy nor purpose would be served by applying the doctrine of constructive notice. On appeal the burden is on the party alleging error below to overcome the presumption of correctness and regularity attending the lower court's rulings. *Au-Hoy v. Au-Hoy*, 60 Haw. 354, 590 P.2d 80 (1979), *Ala Moana Boat Owner's Ass'n v. State*, 50 Haw. 156, 434 P.2d 516 (1967).

We believe that ASB has failed to meet its burden. Accordingly, we hold that the lower court did not err in concluding that Hawaii Escrow had no constructive notice of the assignment.

## INTERPRETATION OF THE ASSIGNMENT

The trial court found the Assignment of Sales Commissions Agreement to be "vague, indefinite and difficult of interpretation". The court interpreted the assignment "to mean that out of any sums retained by Hawaii Escrow as sales commissions due Read Realty, Inc., 40% was assigned to Plaintiff Bank as security for Read Realty's indebtedness to the Bank".

The construction and the legal effect to be given a contract is a question of law. *Reed & Martin, Inc. v. The City and County of Honolulu*, 50 Haw. 347, 440 P.2d 526 (1968).

An appellate court is not bound by a trial court's construction of a contract based solely upon the terms of a written instrument without the aid of extrinsic evidence. *Southern California First National Bank v. Olsen*, 116 Cal. Rptr. 4, 41 Cal. App. 3d 234 (1974). In such circumstances, the appellate court must make its own independent determination. *Yama-*

*nishi v. Bleily & Collishaw, Inc.*, 105 Cal. Rptr. 580, 29 Cal. App. 3d 457 (1972).

We hold that the trial court erred in its interpretation of the agreement. The agreement did not require Hawaii Escrow to set aside 40% of all sums due Read Realty up to $50,000.00. It clearly required Hawaii Escrow to set aside $50,000.00 as collateral. Since there was only $11,900.00 available to be set aside after Hawaii Escrow received notice of ASB's execution of the assignment Hawaii Escrow could not set aside $50,000.00 but it should have set aside the entire $11,900.00.

Affirmed in part and reversed in part with instructions to the trial court to enter judgment in favor of ASB against Hawaii Escrow in the sum of $11,900.00 plus interest, costs and reasonable attorney's fees determined pursuant to § 607-14, Hawaii Revised Statutes.

*George T. H. Pai (Chuck & Pai* of counsel) for plaintiff-appellant.

*R. W. Gibson* for defendant-appellee Hawaii Escrow & Title, Inc.