KIM ANH THI GREEN, Plaintiff-Appellee, *v.* ROLAND H. GREEN, Defendant-Appellant

NO. 7601

FEBRUARY 6, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* In this divorce case, defendant-husband appeals that portion of the lower court's decree which required him to pay plaintiff-wife $100.00 per month for 24 months commencing October 1979 in consideration of the court's award to him of all of his partially vested but unmatured federal civil service retirement benefits. We affirm the lower court's action.

The parties married on November 21, 1968 and physically separated in January 1977. Wife filed a complaint for divorce on January 5, 1978, and the divorce decree was entered on April 24, 1979. Wife was awarded custody of two daughters, ages 8 and 11, and husband was awarded custody of one daughter, age 13. Husband was required to pay total child support of $330.00 per month.

Husband did not contest the lower court's findings that he had between $5,500.00 and $6,000.00 invested in his retirement benefits since commencement of his FAA employment in 1974.

In rendering its decision, the lower court stated:
[I]t will best serve the family members if the determination and implementation of the division of property occur within a relatively short period of time. . . . Her need is likely to be greater now while she is responsible for the care and upbringing of two young children than it will be at a later time, and husband's income is adequate to permit him to pay 100 per month to wife for the next 24 months without causing him to be unable to meet his other obligations. . . .

## I.

Husband contends that the lower court's decision not to award wife her $2,400.00 share of his retirement benefits directly from and out of his retirement benefits violates 5 USCS § 8345(j)(1).[1] We disagree. The cited statute operates only if the decree causes it to operate. It does not require divorce courts to cause it to operate.

## II.

Husband contends that if the lower court had ordered him to pay the $2,400.00 from his retirement benefits then 5 USCS § 8345(j)(1) mandates the federal Office of Personnel Management (OPM) to pay such sum over to wife even though husband has not retired. Neither husband nor wife presented evidence confirming or refuting husband's interpretation. The lower court interpreted 5 USCS § 8345(j)(1) as operating only when the benefits mature and concluded that since

---

[1] 5 USCS § 8345(j)(1).

Payments under this subchapter [5 USCS §§ 8331 et seq.] which would otherwise be made to an employee, Member, or annuitant based upon his service shall be paid (in whole or in part) by the Office to another person if and to the extent expressly provided for in the terms of any court decree of divorce, annulment, or legal separation, or the terms of any court order or court-approved property settlement agreement incident to any court decree of divorce, annulment, or legal separation. Any payment under this paragraph to a person bars recovery by any other person.

husband was not entitled to benefits until his retirement that 5 USCS § 8345(j)(1) was not an available option. Since we decide this case on other grounds, we do not decide this issue.

### III.

Assuming husband is correct that the lower court could have worded its decree so as to cause the OPM to promptly pay wife $2,400.00 notwithstanding husband's non-retirement, did the lower court reversibly err in requiring husband to pay the $2,400.00 in monthly installments from sources other than his retirement benefits?

Husband contends that the court's action is not "just and equitable" as required by HRS § 580-47 and that it will not "best serve the family members" as suggested by the lower court because he cannot, without extraordinary measures, comply with the order.

Husband did not contest the lower court's finding that his gross pay per two-week pay period varied from $1,020.00 to $1,220.00. In monthly terms, husband's gross pay ranged between $2,210.00 and $2,643.00.

Our rule is that the decision of a family court judge in a domestic relations case will be set aside only where there has been a manifest abuse of the judge's wide discretion in such matters. *Ahlo v. Ahlo,* 1 Haw. App. 324, 619 P.2d 112 (1980). We have reviewed husband's evidence of his financial situation and, while we agree that the court's order causes him some difficulty, we conclude that the difficulty is not extraordinary and that the lower court did not abuse its discretion in causing it.

Affirmed.

*Roland H. Green,* defendant-appellant, pro se.

*Paul J. Durbin* for plaintiff-appellee.