WAIKIKI SEASIDE INCORPORATED, Plaintiff-Appellant, *v.* LIN COMITO and RUDY BIALE, Defendants-Appellees

NO. 7344

(CIVIL NO. 45549)

MARCH 18, 1982

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* This is an appeal from the judgment entered by the trial court below. The only issue raised on this appeal is whether the trial court erred in holding that appellant was required to give notice to the guarantors of default of rental payments due under two lease agreements. We hold that notice of default was not required and reverse.

Appellant Waikiki Seaside Incorporated (WSI) is the fee owner of a hotel located at 342 Seaside Avenue, Honolulu, Hawaii. Within the hotel is a restaurant and cocktail lounge, also owned by WSI. On or about December 19, 1969, WSI entered into two lease agreements with Paisano Investors, Inc. (Paisano), one a commercial area lease of the lounge and the other a parking area lease. At the time of the execution of the two agreements, Defendants-Appellees Lin Comito and Rudy Biale (Comito and Biale) were the sole shareholders of Paisano. WSI required the two sole shareholders of Paisano (Comito and Biale) to personally guarantee the obligations of the corporation. Attached to both the commercial area lease and the parking area lease were guaranties signed by Comito and Biale which stated as follows:

> FOR VALUE RECEIVED, the undersigned do hereby personally guarantee, jointly and severally, the obligations of the Lessee/Licensee named on the instrument to which this guarantee is attached, and agree to pay all costs and attorney's fees incurred in enforcing the obligations of the undersigned.

> The undersigned guarantors, jointly and severally waive presentment, demand of payment and/or performance, notice of non-payment protest, and consent to extensions of time and all modifications and alterations consented to, expressly or implied, by the Lessee/Licensee of the instrument to which this guaranty is attached. Upon default of Lessee/Licensee named on the instrument to which this guaranty is attached, the beneficiary of this guaranty may proceed directly, without notice, against the

undersigned or either of them, without proceeding against the Lessee/Licensee.

In 1971 Comito and Biale sold their shares in Paisano to Richard Tajiri who operated it as the Blue Velvet Lounge. Tajiri, in turn, resold it to Cal Anderson who operated it as Mr. Cal's. Anderson defaulted on the rental payments. Neither Biale nor Comito obtained release from the guarantees they signed in 1969.

The commercial area lease in Paragraph 3 contains a provision that the minimum yearly rent to be paid by Paisano to WSI for the year 1974 was $13,200. Paisano only made rental payments for 1974 to WSI in the amount of $4,050, leaving an unpaid balance for the minimum yearly rental for 1974 in the amount of $9,150.

WSI then brought this suit against Comito and Biale as guarantors of Paisano's obligations for rental payments under the lease agreements.[1] The trial court ruled that since WSI failed to give notice to Comito and Biale of Paisano's default, it could not collect the amount due from them. The court then entered judgment for WSI in the amount of $2,877.40 "for expenses and attorney's fees" and stated the following:

> THE COURT: Because your arguments were a little different up to this point, I think we were all confused, and I was confused as to — because you're saying that I made a finding that $9,150 was due, and, therefore, that if I'm going to give you $2,800, you should get the $9,150 already. It's clear to me that I said no, you are not getting the back rental because of your actions that you took in that time, failure of notification until such time as May of 1975 and, therefore, you will not get back rental; but the cost of $2,877.40 I said I will give you that. That's all.

WSI contends that the court committed error in concluding that WSI was required to give notice to the guarantors of the default of

---

[1] There were two other suits brought by WSI against Paisano for injunctive relief and ultimately summary possession. WSI obtained a judgment for past-due rentals and apparently sought to obtain its satisfaction from the appellees. However, the validity of the amount due under that judgment was rather hotly contested by the parties in the proceedings below, and the court entered its findings on that matter. Appellant has not contested the court's findings with respect to that issue, and appellees have not filed an answering brief.

Paisano's obligation they were guaranteeing, notwithstanding specific language of the guaranty waiving any such notice. We agree. *Davenport v. Stratton,* 24 Cal.2d 232, 149 P.2d 4 (1944); 38 AM. JUR.2d *Guaranty* § 103 (1968).

The general rule is that the contract of guaranty is an enforceable undertaking or promise on the part of one person which is collateral to a principal obligation of another and which binds the guarantor to performance in the event of nonperformance by the principal debtor. *Liberty Bank v. Shimokawa,* 2 Haw. App. 280, 632 P.2d 289 (1981).

Where the contract of guaranty expressly covers the subject of notice, those provisions are controlling. Thus, if the guaranty provides that notice of the default of the principal debtor must be given to the guarantor, failure to give notice is a defense for the guarantor. Conversely, if the guaranty waives the requirement of notice, notice of default need not be given to the guarantor. 38 AM. JUR.2d *Guaranty* § 103, *supra.*

In this case, the guaranty was absolute in form and bound defendants without notice of their acceptance. Notice of default is clearly waived; hence, there was no requirement to give such notice. *Davenport v. Stratton, supra.* Accordingly, the case is reversed and remanded to the trial court to enter judgment for the appellant in the sum of $9,150.[2]

Paul Maki (Maki & Gilbert of counsel) for plaintiff-appellant.
Peter A. Donahoe for defendants-appellees.

---

[2] At oral argument, appellant stated that the $2,877.40 expenses and attorney's fees was paid by Appellee Biale, and he has been dismissed from this case.