GORDON DEAN WALLACE, Plaintiff-Appellant, *v.* RUBY JEAN WALLACE, Defendant-Appellee

NO. 9248

(FC-D NO. 93875)

FEBRUARY 24, 1984

BURNS, C. J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C. J.

In *Wallace v. Wallace*, 1 Haw. App. 315, 619 P.2d 511 (1980), upon plaintiff-appellant's (Husband) appeal, we remanded this divorce case for a hearing on the merits of the property division issue. Thereafter, on September 27, 1982, the lower court ordered:

1) The terms of the Separation and Property Settlement Agreement dated December 23, 1974 as amended by the terms of the Separation and Property Settlement Agreement Amendments dated January 8, 1976 are approved and incorporated in the Decree of Absolute Divorce.

2) In addition, Defendant is awarded an interest in Plaintiff's retirement benefits to be computed according to the following formula:

$$\frac{\text{\# of years parties were married (until separation) while Plaintiff was in plan (20 years 3 months)}}{\text{total \# of years Plaintiff will have been accruing benefits when plan vests upon Plaintiff's reaching age of 55}} \times \left( \tfrac{1}{2} \times \begin{array}{l} \text{gross monthly} \\ \text{benefit to which} \\ \text{Plaintiff is} \\ \text{entitled at age} \\ 55 \end{array} \right)$$

3) Plaintiff shall make monthly payments as herein computed directly to Defendant upon his reaching the age of 55 years, regardless of whether or not he retires at age 55. Such payments shall commence on the 5th day of the month following that in which Plaintiff reaches the age of 55 and shall continue so long as both parties survive. Payment shall be made by the 5th day of each month thereafter.

4) Defendant shall be responsible for payment of federal and state taxes on funds which she receives representing her proportionate share of Plaintiff's retirement benefits.

Again, Husband appeals. This time we affirm.

Husband contends that the family court, in requiring him to pay to defendant-appellee (Wife) a portion of the retirement benefits to which he would have been entitled at age 55, even though he has not retired, effectively ordered him to retire at age 55.

The family court cannot order Husband to retire. 10 U.S.C. § 1408(c)(3). However, the value of a party's right to retire whenever

he chooses to do so is an existing asset divisible in divorce actions. *Linson v. Linson,* 1 Haw. App. 272, 618 P.2d 748 (1980). When, as here, the family court, in a divorce case, divides the value of the right of a United States Public Health veterinarian to retire and receive benefits, it does not violate 10 U.S.C. § 1408(c)(3).

Husband further contends that the lower court's division of the value of his right was reversibly inequitable as to him. We disagree.

Although Husband has been entitled to retire and receive benefits since July 1982 when he completed thirty years of service, 42 U.S.C. § 212(a)(2), he has not retired, has no present intention to retire, and so far as we know, is not required to retire at any age or length of service. Consequently, an alleged inequity is the fact that, although Husband has not elected to retire, he must pay Wife a monthly sum as her share of the value of his vested but not matured[1] right to retire and receive benefits.

Although as a general rule it is equitable to award the value of a party's right to retire and receive benefits on an "if, as, and when retired" basis, there are situations where it is equitable to award it on a present value basis. *Green v. Green,* 1 Haw. App. 599, 623 P.2d 890 (1981); *Ohm v. Ohm,* 431 A.2d 1371 (Md. App. 1981); *Copeland v. Copeland,* 91 N.M. 409, 575 P.2d 99 (1978); *In Re Marriage of Brown,* 15 Cal. 3d 838, 126 Cal. Rptr. 633, 544 P.2d 561 (1976). The lower court considered this to be a present value basis situation and it did not abuse its discretion in so doing.

Another alleged inequity is the relative value of what has been awarded to each party. On that issue Husband has the burden of persuasion. *Alt v. Krueger,* 4 Haw. App. 201, 663 P.2d 1078 (1983); *American Security Bank v. Read Realty, Inc.,* 1 Haw. App. 161, 616 P.2d 237 (1980). Since there is nothing in the record to support Husband's contention, he has failed to sustain his burden and we must affirm.

More specifically, Husband argues that since Wife is enjoying her share now while he has to wait until he chooses to retire to enjoy

---

[1] The right is not mature until the employee (a) has a right to retire and (b) exercises that right. *Linson v. Linson,* 1 Haw. App. 272, 618 P.2d 748 (1980); *In Re Marriage of Brown,* 15 Cal. 3d 838, 126 Cal. Rptr. 633, 544 P.2d 561 (1976). *Contra, In Re Marriage of Shattuck,* 134 Cal. App. 3d 683, 184 Cal. Rptr. 698 (1982), and *In Re Marriage of Gillmore,* 174 Cal. Rptr. 493, 629 P.2d 1 (1981); *Copeland v. Copeland,* 91 N.M. 409, 575 P.2d 99 (1978).

his share, she will receive more than he and therefore the division is inequitable as to him. However, assuming inequality is inequitable, it is not necessarily a fact. Instead of awarding Wife a fixed percentage of Husband's vested but not mature monthly entitlements, the family court awarded her a fixed percentage of one-half of the amount which accrued during marriage and which Husband "is entitled to at age 55." Wife's amount is fixed, whereas all future increases in monthly entitlements, if any, will be exclusively his. Depending on if and when he retires and on the increases, if any, in the monthly benefits, Husband may, over the course of time, receive as much as and more of the marital portion of the retirement benefit than Wife. Moreover, it is within Husband's sole discretion to choose when he will enjoy his share.

Affirmed.

*Gary B. K. T. Lee (Ukishima & Matsubara* of counsel) for plaintiff-appellant.

*Thomas M. Culbertson (James T. Paul* with him on the brief) *(Paul, Johnson & Alston* of counsel) for defendant-appellee.