**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000769**
**18-NOV-2024**
**08:12 AM**
**Dkt. 71 SO**

NO. CAAP-20-0000769


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


DEBRA AKEMI ABE, Plaintiff-Appellee, v.
CASEY CHIYOSHI ABE, Defendant-Appellant.


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. 1DV171000315)


SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, Nakasone and McCullen, JJ.)

Defendant-Appellant Casey Chiyoshi Abe (**Husband**)

appeals from the Family Court of the First Circuit's

November 25, 2020 Divorce Decree entered in favor of Plaintiff-

Appellee Debra Akemi Abe (**Wife**).[1]

---

[1] The Honorable Kevin T. Morikone presided.

Husband also challenges the following orders:

(1) February 20, 2020 Decision and Order; and Exhibit "1" (**2/20/2020 Decision and Order**);

(continued . . .)

On appeal, Husband challenges the family court's decision to: (1) have each party start paying retirement benefits owed to the other when both parties retire; (2) use June 14, 1995 as Wife's employment start date; (3) use the date of divorce to calculate retirement benefits; (4) waive a $5,085.92 equalization payment; and (5) categorize money from his parents as marital property.[2]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve

---

(. . . continued)

    (2) April 7, 2020 "Order Re: [Wife's] Motion for Reconsideration, for Clarification, and/or to Alter or Amend Judgment, Filed February 27, 2020" (**Order Re: Wife's 4/7/2020 Motion for Reconsideration**);

    (3) August 31, 2020 "Order Re: [Husband's] Motion for Reconsideration, for Clarification, and/or to Alter or Amend the Order, Filed April 7, 2020, Filed April 22, 2020" (**Order Re: Husband's 4/22/2020 Motion for Reconsideration**);

    (4) September 29, 2020 "Order Re: [Husband's] Motion for Reconsideration, for Clarification, and/or to Alter or Amend the Order Re: [Husband's] Motion for Reconsideration, for Clarification, and/or to Alter or Amend the Order, Filed April 7, 2020, Filed April 22, 2020, (Filed on August 31, 2020), Filed September 10, 2020" (**Order Re: Husband's 9/10/2020 Motion for Reconsideration**); and

    (5) September 29, 2020 "Order Re: [Wife's] Motion for Reconsideration, Clarification, and/or to Alter or Amend the Order, Filed April 7, 2020, Filed April 22, 2020, Filed August 31, 2020, Filed on September 9, 2020" (**Order Re: Wife's 9/9/2020 Motion for Reconsideration**).

(Formatting altered.)

    [2] We note that the opening brief does not comply with Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4).

Husband's points of error as discussed below, and vacate and remand in part and affirm in part.

"[T]he family court possesses wide discretion in making its decisions and those decisions will not be set aside unless there is a manifest abuse of discretion." Kakinami v. Kakinami, 127 Hawaiʻi 126, 136, 276 P.3d 695, 705 (2012). Its findings of fact are reviewed under the clearly erroneous standard, while its conclusions of law are reviewed de novo under the right/wrong standard. Id. A conclusion of law presenting mixed questions of fact and law is reviewed under the clearly erroneous standard. KS v. RS, 151 Hawaiʻi 336, 341, 512 P.3d 702, 707 (App. 2022).

(1) Husband contends the family court "erred in ruling that the division of each party's State of [Hawaiʻi] ERS (Employees Retirement System) Hybrid Retirement Plan does not become effective unless and until both parties retire from their employment with the State of [Hawaiʻi.]" Husband argues the family court's ruling was contrary to "established law" requiring payments to start when a party begins receiving retirement benefits. Contrary to Husband's contention, the family court did not abuse its discretion.

The general rule is that a party should start payments of a <u>Linson</u> share to a former spouse once that party begins receiving the retirement benefit.[3] <u>Cassiday v. Cassiday</u>, 68 Haw. 383, 384 n.1, 716 P.2d 1133, 1135 n.1 (1986). However, Hawaiʻi courts have also ruled a party may be required, for equitable reasons, to pay their <u>Linson</u> share of a retirement benefit before the party has retired and begun receiving it. See <u>Green v. Green</u>, 1 Haw. App. 599, 600, 623 P.2d 890, 891 (1981) (providing family court justified in requiring husband to pay former wife a portion of retirement benefit, even though he had not yet retired); <u>Wallace v. Wallace</u>, 5 Haw. App. 55, 57, 677 P.2d 966, 967-68 (1984) (noting same).

Here, the family court found that Wife would receive $3,001.16 per month if she retired in 2025 as planned. The family court also found that husband was earning $146,500.00 per year (or $12,208.33 per month) and had no plans to retire although he was eligible. Husband does not challenge these findings on appeal. <u>Okada Trucking Co., Ltd. v. Bd. of Water</u>

---

[3] Under the <u>Linson</u> formula, "the non-owner party is awarded one-half of a percentage of the owner's retirement. The formula for determining the percentage is to divide the number of years credited to retirement during the marriage by the total number of years credited to retirement." <u>Donnelly v. Donnelly</u>, 98 Hawaiʻi 280, 281, 47 P.3d 747, 748 (App. 2002) (citations and internal quotation marks omitted).

"The '*Linson* formula,' although not actually included in the *Linson* opinion, has been adopted by this court in calculating the amount of retirement benefits to be awarded to the non-owner party after divorce." <u>Rand v. Rand</u>, 137 Hawaiʻi 206, 366 P.3d 1085, No. CAAP-12-0000555, 2016 WL 383158, at *9 n.7 (App. Jan. 29, 2016) (SDO).

Supply, 97 Hawaiʻi 450, 459, 40 P.3d 73, 82 (2002) (holding unchallenged factual findings are binding on appeal).

The family court further found that "[i]t would be inequitable for either party to control the date of their retirement in a manner that would cause them to receive a financial windfall and/or financially penalize the other party." The family court then concluded that it would be just and equitable for each party to begin paying the Linson share owed to the other when both parties retire.

The family court faced the following dilemma: if the court ordered Wife to pay a Linson share when she retired while Husband continued to work, Wife's monthly income would be $1,500.58 ($3,001.16 ÷ 2) and Husband's monthly income would be $13,708.91 ($12,208.33 + $1,500.58). And Wife has no control over when (or if) Husband retires.

Because the family court may adjust the timing of Linson share payments to achieve an equitable result, it did not abuse its discretion in ordering the parties to begin paying a share of their retirement benefits to the other upon the retirement of both.

(2) Second, Husband contends the family court "erred in determining the numerator in the formula for division of ERS Hybrid Retirement Plan by including [his] premarital employment period and . . . utilizing [Wife's] later start date . . . ."

Husband argues the family court should have used February 18, 1990 (date of marriage) instead of December 20, 1987 (Husband's employment date) to determine his payment, and should have used December 19, 1988 (Wife's employment date) instead of June 14, 1995 (adjusted for breaks in service and leave without pay for child care) to determine Wife's payment.

The family court found that both Husband and Wife were initially enrolled in the State's non-contributory retirement plan. They subsequently enrolled in the Hybrid Plan, and converted their non-contributory service by paying mandated conversion fees from funds accumulated during the marriage in their respective State deferred compensation accounts. Wife used $32,608.02 and Husband used $123,244.00 to upgrade or convert to the Hybrid Plan. The family court further found that neither party presented evidence showing the funds used "were, either whole or in part, pre-marital funds." Husband does not challenge these findings. See Okada, 97 Hawaiʻi at 459, 540 P.3d at 82.

The family court therefore determined that, because Marital Partnership Property was used to convert each party's non-contributory years of service into Hybrid Plan years of service, both Hybrid Plan "accounts became, in their entirety, Marital Partnership Property assets of the marriage."

6

Because Husband used $123,244.00 in funds accumulated during the marriage to convert his non-contributory plan to a hybrid plan, it was equitable to determine that the entire fund was Marital Partnership Property. As such, the family court did not abuse its discretion in using December 21, 1987 (Husband's employment date) instead of February 18, 1990 (date of marriage) in dividing this asset.

The family court also did not abuse its discretion in using June 14, 1995 (adjusted for breaks in service and leave without pay for child care) instead of December 19, 1988 (Wife's employment date) to divide Wife's asset. The family court found that Wife's initial start date was December 19, 1988. But, "there was a break in her service and when she returned to State employment in March of 1997, she was given an adjusted start date of June 14, 1995, in order to make provision for her prior service, the time she was not employed by the State, as well as for time when she took leave without pay for child care/ maternity leave." Husband does not challenge this finding, and we note Husband used this date in his January 21, 2020 Proposed Decision and Order Re: Trial. See Okada, 97 Hawaiʻi at 459, 540 P.3d at 82.

**(3)** Third, Husband contends the family court "erred in the usage of the date of divorce as opposed to the Date of Conclusion of the Evidentiary Part of Trial (**DOCOEPOT**) in the

numerator in dividing the respective party's retirement." (Emphasis added.)  Husband is correct on this point.  LaPeter v. LaPeter, 144 Hawaiʻi 295, 306, 439 P.3d 247, 258 (App. 2019) ("Under the partnership-model framework endorsed by Hawaiʻi case law to divide property of the marital estate, the DOCOEPOT is used in determining the value of property.").  Accordingly, on remand, the family court should utilize the DOCOEPOT in the Linson formula apportioning retirement benefits.

**(4)**  Fourth, Husband contends the family court erred "in determining that there were valid and relevant considerations in varying from established property division principles by awarding [Wife] a larger portion of the net proceeds of the sale of the parties' former marital residence and waiving [Wife's] property equalization payment in the sum of $5,085.92[.]"

In his points of error, Husband fails to cite where in the record the family court "waived" the $5,085.92 equalization payment Wife owed Husband.

Instead, the family court determined it would be fair and reasonable for Husband to pay five years of alimony at $8,000.00 per year, for a total of $40,000.00.  In making this determination, the family court considered the Hawaiʻi Revised Statutes § 580-47 (2018) factors, Vorfeld v. Vorfeld, 8 Haw. App. 391, 804 P.2d 891 (1991), and the evidence presented.

8

The family court then subtracted the $5,085.92 equalization payment Wife owed Husband from the $40,000.00 alimony Husband owed Wife, for a net alimony of $34,914.08. The family court required Husband to pay this amount from his share of the net proceeds from the sale of the former marital residence.

Because Husband does not support his "waiver" contention and does not challenge the family court's findings and conclusions, we see no abuse of discretion.

**(5)** Finally, Husband contends the family court erred "in failing to grant [his] Category 3 claim of monetary gifts made by [his] father to [him] during the parties' marriage[.]"

Under Hawaii's Marital Partnership Model, Category 3 property is "property separately acquired by gift or inheritance during the marriage but excluding the [net market values] attributable to property that is subsequently legally gifted by the owner to the other spouse, to both spouses, or to a third party." Hamilton v. Hamilton, 138 Hawaiʻi 185, 201, 378 P.3d 901, 917 (2016) (citation omitted).

Wife's testimony was that the funds from Husband's father were deposited into Husband's credit union account then transferred into their joint account, or Husband would deposit the funds directly into their joint account. Husband admitted the funds from his father were deposited in their joint account.

9

Wife would then pay tuition and monthly bills from their joint account, as she was primarily responsible for paying their bills.

The family court found funds from Husband's father were always deposited into the couple's joint bank accounts and were never treated as Husband's separate property. The family court further found that the money was used to pay the children's tuition and household expenses. Husband did not present evidence that the checks were treated as his separate property. Husband does not challenge these findings. See Okada, 97 Hawaiʻi at 459, 540 P.3d at 82.

Because the family court considered where the funds were deposited and how the funds were used in making its determination, the family court did not abuse its discretion.

Based on the foregoing, we vacate the portions of the November 25, 2020 Divorce Decree and Order Re: Husband's 9/10/2020 Motion for Reconsideration to the extent the date of divorce rather than the DOCOEPOT was used as the numerator of the Linson formula, remand for further proceedings consistent with this summary disposition order, and otherwise affirm the remainder. We also affirm the (1) 2/20/2020 Decision and Order; (2) Order Re: Wife's 4/7/2020 Motion for Reconsideration;

(3) Order Re: Husband's 4/22/2020 Motion for Reconsideration;

and (4) Order Re: Wife's 9/9/2020 Motion for Reconsideration.

DATED:  Honolulu, Hawaiʻi, November 18, 2024.

On the briefs:                          /s/ Clyde J. Wadsworth
                                        Presiding Judge

Blake Okimoto,
for Defendant-Appellant.                /s/ Karen T. Nakasone
                                        Associate Judge

Francis T. O'Brien,
for Plaintiff-Appellee.                 /s/ Sonja M.P. McCullen
                                        Associate Judge